NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3364
_____

UNITED STATES OF AMERICA

v.

MARQUIES BROWN,

Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-16-cr-00016-001)
District Judge: Honorable Richard G. Andrews
_____

Submitted November 6, 2018
Before: HARDIMAN, KRAUSE, and GREENBERG, *Circuit Judges*.

(Filed: November 7, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Marquies Brown appeals his judgment of conviction, following a jury trial, for knowing possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1). We will affirm.

Brown makes three arguments on appeal, all of which relate to evidence admitted at trial. In his first two assignments of error, Brown claims the District Court abused its discretion when it admitted lay testimony. In his final challenge, he contends the evidence was insufficient to convict him of possessing the firearm. We address each argument in turn.

## I[1]

In his principal argument, Brown challenges the testimony of Lieutenant McGillan, who stated that the firearm in question "appeared to be dirty, and had fresh dirt and grass kind of in the grooves consistent with actually being tossed or thrown in then [*sic*] area where it was located." App. 377. Brown claims this testimony should have been excluded because it was not helpful, embraced the ultimate issue, and was based on specialized knowledge within the scope of Rule 702. We disagree.

We begin by noting that although the Government bore the burden of satisfying Rule 701, the modern trend is away from skepticism of lay opinion evidence and "toward greater admissibility." *United States v. Fulton*, 837 F.3d 281, 291 (3d Cir. 2016) (quoting

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

*United States v. Stadtmauer*, 620 F.3d 238, 262 (3d Cir. 2010)). We will not reverse a district court's decision to admit lay opinion testimony unless "no reasonable person would adopt [its] view." *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009) (quoting *Ansell v. Greene Acres Contracting Co.*, 347 F.3d 515, 519 (3d Cir. 2003)).

The record in this case leaves us unconvinced that Brown has met this difficult standard. McGillan's testimony was helpful to the factfinder because it provided details the jury could not determine from the photos of the gun admitted into evidence at trial. His observations were based on his first-hand knowledge after standing next to the gun for at least ten minutes. They included how deeply the mud and grass were impressed in the gun's surface, which could not be determined from a two-dimensional photo. The District Court therefore had a reasonable basis for concluding McGillan's testimony would help the jury.

Contrary to Brown's argument, McGillan's testimony did not embrace the ultimate issue—whether Brown possessed the firearm—because his testimony reached no conclusion about how the gun came to rest in the backyard. McGillan's observation that the gun's condition was "consistent with actually being tossed or thrown" said nothing about whether it was Brown who had thrown the gun; nor did it discount other ways the gun could have arrived in the yard or become soiled. Instead, the testimony provided the jury with one possible explanation, and the District Court did not abuse its discretion by admitting it. *See United States v. Shaw*, 891 F.3d 441, 453–54 (3d Cir. 2018).

3

Finally, McGillan's testimony did not rely on specialized knowledge because it provided commonsense observations based on his personal experience. *See Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009). "The prototypical example" of Rule 701 evidence "relates to the appearance of persons or things . . . and an endless number of items that cannot be described factually in words apart from inferences." *Fulton*, 837 F.3d at 301 (quoting *Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196 (3d Cir. 1995)). No specialized knowledge was necessary to determine that the grass and mud imbedded in the gun's surfaces were "consistent with actually being tossed or thrown." App. 377. The defense was free to cross-examine McGillan on the basis of his opinion, but did not. At bottom, the District Court had a reasonable basis for concluding that McGillan's opinion did not fall within Rule 702's ambit.

## II

Brown's second argument relates to the testimony of Detective Mullin, who described for the jury his impressions of a surveillance video of Brown's movements. After watching the video close to a dozen times, Mullin identified for the jury various instances when Brown could be seen carrying and manipulating a heavy object in his jacket pocket. Brown claims that Mullin's testimony was not helpful and was not based on—indeed, it contradicted—Mullin's personal observations prior to viewing the footage. We are unpersuaded.

4

Mullin's testimony focused on Brown's movements and what appeared to be a heavy object in his jacket pocket as the Government proceeded frame-by-frame through the pixelated surveillance footage. His observations highlighted what the jury could not clearly see viewing the footage at full speed and were based on extensive review of the footage. Accordingly, it was not unreasonable for the District Court to conclude that Mullin's testimony aided the jury. *See, e.g.*, *United States v. Torralba-Mendia*, 784 F.3d 652, 659 (9th Cir. 2015) ("[A]n officer who has extensively reviewed a video may offer a narration, pointing out particulars that a casual observer might not see."); *cf. United States v. Leo*, 941 F.2d 181, 193 (3d Cir. 1991) (holding that testimony synthesizing business records based on the witness's prior review thereof satisfied Rule 701(b)'s helpfulness requirement). Brown's counsel was free to (and did) challenge Mullin's testimony based on his inconclusive personal observations from the day of the pursuit. Nevertheless, Mullin's narration of the surveillance footage was rationally based on his perceptions, so the District Court did not abuse its discretion by admitting it.

III

Brown's last contention is that the evidence was insufficient to convict him of knowingly possessing the firearm. Viewing the evidence, as we must, in the light most favorable to the verdict winner (here, the Government), we find the evidence sufficient to support the jury's verdict. The officers who observed Brown testified that he had a gun in his pocket. Although Brown did not possess a gun on his person at the time he was arrested, a juror could reasonably conclude the bulge weighing down Brown's jacket—

which officers observed and video surveillance captured—was the gun officers found nearby, shortly after locating Brown, in a backyard where it did not belong, along the route down which officers had just pursued him. "It is up to the jury—not . . . [this] Court—to examine the evidence and draw inferences." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 432 (3d Cir. 2013). Because this jury's verdict was not irrational, Brown's sufficiency challenge fails.

*   *   *

For the reasons stated, we will affirm the judgment of the District Court.